UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JERI NICHOLSON,

        Plaintiff,

                              CASE NO.:

vs.

SHIRLEY HOME AWAY FROM
HOME PERSONAL CARE
HOME INC., A GEORGIA
CORPORATION, AND
SHIRLEY WILSON,
INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, JERI NICHOLSON, by and through the undersigned attorney, sues the Defendants, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC., a Georgia Corporation, and SHIRLEY WILSON, Individually, and alleges:

        1.      Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

        2.      Plaintiff worked as a direct support worker for Defendants in

Fayette County, Georgia.

3. Plaintiff worked for Defendants from 2011-2012, and then again from December 2014 to March 2015.

4. Defendant, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC., is a Georgia Corporation that operates and conducts business in Fayette County, Georgia and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, SHIRLEY WILSON was an individual resident of the State of Georgia, who owned and operated SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC. By virtue of having regularly exercised that authority on behalf of SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC., SHIRLEY WILSON is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were medical supplies used to treat patients, beds, linens, computers, telephones and other items carried and handled which originated from outside the state of Georgia.

11. Therefore, Defendant, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Defendant, SHIRLEY HOME AWAY FROM HOME PERSONAL CARE HOME, INC., is an enterprise engaged in commerce by operating a business which is primarily engaged in the care of the sick and the

age as contemplated by 29 U.S.C. § 203(s)(1)(B).

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff as an independent contractor and by only paying Plaintiff a day rate with no additional overtime compensation for her overtime hours worked.

14. During her employment with Defendants, Plaintiff was classified as an independent contractor.

15. However, Defendants controlled Plaintiff's job duties.

16. Defendants told Plaintiff when to work, where to work, how to do the job and gave detailed policies and procedures on how to do her job. Attached as Exhibit A are copies of schedules Defendants created showing the hours Plaintiff was to work.

17. Defendants dictated the pay received by Plaintiff and paid her $100 per day worked. Attached as Exhibit B are copies of pay invoices showing Defendants paying Plaintiff as an independent contractor at $100 per day.

18. Since Plaintiff was paid per day, she could not use her managerial skill to increase her profits from her work with Defendants.

19. Defendants provided all equipment and materials used by Plaintiff

to perform her job duties.

20. Plaintiff did not have a professional license or need a certain amount of schooling to perform her job.

21. Plaintiff's work was permanent in nature and not temporary.

22. Plaintiff was an integral part of Defendants' business because without her, patients would not be cared for and Defendants would not generate income off of providing these services.

23. As such, Plaintiff was truly an employee of Defendants under the FLSA and is entitled to complete overtime compensation for the overtime hours worked by her.

24. Pursuant to 29 C.F.R. § 778.112, day rate paid employees such as Plaintiff are entitled to overtime compensation.

25. Upon information and belief, the records, to the extent any exist and are accurate concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff was misclassified as an independent contractor and not

paid overtime compensation for overtime hours worked by her.

28. During her employment, Plaintiff routinely worked overtime hours but was only paid her $100 per day by Defendants, regardless of the overtime hours she worked.

29. Defendants did not have a good faith basis for their decision to classify Plaintiff as an independent contractor and not pay her overtime compensation.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JERI NICHOLSON, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16th day of September, 2015.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

7